IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                              CRIMINAL ACTION NO. 1:18-cr-00133

MACEO MILLARD JONES,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Maceo Millard Jones's ("Defendant") Notice of Appeal of Magistrate Judge Decision to District Court in Misdemeanor Case. (ECF No. 29.) For the reasons more fully explained below, the Court **AFFIRMS** the Memorandum Opinion and Order, (ECF No. 28), and **DENIES** Defendant's Emergency Motion for Release from Detention, (ECF No. 20).

I.    BACKGROUND

This appeal arises from Defendant's motion for compassionate release following the imposition of a five-month sentence of imprisonment. On July 6, 2018, Defendant pled guilty to a single count Information, wherein he was charged with knowingly and unlawfully possessing a dangerous weapon—a handcrafted "shank"—in a federal facility, FCI McDowell, in violation of 18 U.S.C. § 930(a). (ECF No. 14.) Defendant was thereafter sentenced to a term of five months imprisonment to run consecutive to his undischarged term of imprisonment. (*Id.*)

The Court notes, as did United States Magistrate Judge Omar Aboulhosn, that the Superior Court of the District of Columbia granted the Defendant's motion for compassionate release regarding

1

his underlying sentence on August 23, 2021. (ECF No. 23–2.) Therefore, the Defendant is now serving the sentence imposed by the Magistrate Judge.

On September 7, 2021, Defendant filed his Emergency Motion for Release from Detention. (ECF No. 20.) By order, the Government filed its response on September 20. (ECF No. 23.) Then, on September 28, Defendant filed his Reply, (ECF No. 26), as well as additional documentation[1] regarding his motion, (ECF No. 25). Magistrate Judge Aboulhosn, by memorandum opinion and order, denied Defendant's motion for release on October 4, 2021. (ECF No. 28.) Defendant thereafter filed his Notice of Appeal on November 5, 2021. (ECF No. 29.) The Government has not filed any response.

## II.   LEGAL STANDARD

When a defendant appeals the order of a magistrate judge, "[t]he scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Civ. P. 58(g)(2)(D). Thus, "[f]indings of fact . . . are reviewed for clear error, and issues of law . . . are reviewed de novo." *United States v. Bursey*, 416 F.3d 301, 306 (4th Cir.2005). Accordingly, whether the magistrate judge applied the correct rule of law is reviewed de novo, but is deferential "to the extent that the magistrate judge's decision under the correct rule of law involved the exercise of discretion." *United States v. Grant*, 184 F.Supp.3d 250, 252 (E.D. Va. 2016).

## III.   DISCUSSION

At the outset, the Court notes that Defendant's notice of appeal is untimely, and shall thus be **DENIED**. Rule 58(g)(2)(A) of the Federal Rules of Criminal Procedure states that a "party may

---

[1] The additional documentation is more appropriately regarded as a letter drafted by Defendant and directed to Magistrate Judge Aboulhosn. (ECF No. 25.) The letter contains an additional basis for Defendant's requested early release: the death of his father. (*Id.*)

appeal an order of a magistrate judge to a district judge within 14 days of its entry[.]" Magistrate Judge Aboulhosn's Memorandum Opinion and Order was entered on October 4, 2021. (ECF No. 28.) Defendant did not file his notice of appeal until November 5, 2021. (ECF No. 29.) This filing, submitted just over a month following the entry of the order, falls outside of the 14-day deadline established in Rule 58, and thus Defendant's appeal is untimely.

Even if Defendant had timely filed his appeal, however, it is without merit. Defendant alleges three errors in the Magistrate Judge's order. First, Defendant asserts that he "never had opportunity too [sic] oppose the Government Response of U.S. Attorney . . . response filed on Sept. 21, 2021." (ECF No. 29 at 1.) Second, Defendant asserts that "issue use [sic] in the original complaint was over-turned by Mid-Atlantic Regional Director Angela Dunbar expunged institution incident complaint that was submitted a second time to U.S. Attorney . . . for possible prosecution with no supportive facts, merits new [sic] issue for an indictment after seven months already pending in U.S. District Court Bluefield Division." (*Id.*) Third, and finally, Defendant asserts that "there was no consideration of the deadly contagious fatal virus which [Defendant] had contracted and almost died." (*Id.* at 2.)

To begin, there is no filing in this case dated September 21, 2021. A review of the docket reveals that Defendant may be referring to the Government's response in opposition to Defendant's additional documentation, as referenced above. Defendant submitted the "additional documentation" on September 28, 2021, (ECF No. 25), and the Government filed a one-page response on September 29. (ECF No. 27.) As noted, the "additional documentation" is instead framed as a letter to the Magistrate Judge and purports an additional ground for compassionate relief: The death of Defendant's father on September 20, 2021. (ECF No. 25.)

3

In its one-page response, the Government noted that the death of a relative does not qualify as an "extraordinary or compelling reason" for reducing Defendant's sentence, as required by 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 27.) The Government also asserted that, without any view as to whether Defendant was otherwise eligible for a temporary release, the Bureau of Prisons has "furlough and escorted trip policies," but that this Court does not have the authority to grant such temporary releases. (*Id.*)

In motions practice, unless a jurisdiction's local rules establish differently, a response to a motion is not required.[2] *See United States v. Okawa*, 26 F.R.D. 384, 385–86, n.1 (D. Haw. 1961). Defendant's filing of "additional documents," while not technically a motion, did add another purported ground for his motion for compassionate relief. The Government was not required to respond, whether Defendant's filing is considered a proper motion or not. And while the Government did file a limited response, any reply Defendant would have filed on this basis would have been futile.

First, and as noted by the Magistrate Judge, this Court lacks the authority to grant any temporary release from imprisonment on the basis of a relative's death, notwithstanding the discretion granted it by 18 U.S.C. § 3582. *See, e.g.*, *Clay v. LaManna*, C/A No. 8:08-cv-328-GRA, 2008 WL 4680579, at *3 (D.S.C. Oct. 21, 2008) ("The authority to grant furlough to federal prisoners rests solely with the [Bureau of Prisons].") Next, and pursuant to 18 U.S.C. § 3622(a)(1) and (2), the Bureau of Prisons may release a prisoner for a limited period, not to exceed 30 days, to visit a dying relative or attend the funeral of a relative. Furthermore, under 28 C.F.R. § 570.33(b), the warden

---

[2] The Local Rules of Criminal Procedure for this District do not require a response to motions made in criminal proceedings. Under Rule 12.1(c) of the Local Rules, the Government may respond to a motion within 7 days of a defendant's filing of a motion, but this rule only applies to pretrial motions.

may "authorize a furlough, for 30 calendar days or less for an inmate to . . . [b]e present during a crisis in the immediate family." Finally, the death of a relative is, by itself, generally not an "extraordinary and compelling circumstance." *See, e.g.*, *United States v. Butler*, Crim. Act. No. 16-54-RGA, 2020 WL 3207591, at *3 (D. Del. June 15, 2020) (deaths of relatives, including inmate's father, not a basis for compassionate release).

The record before the Court does not show that Defendant sought a temporary release or furlough so that he could attend his father's funeral. Regardless, this Court lacks the authority to grant such a release, a point properly determined by the Magistrate Judge. (ECF No. 28 at 2, n.1.) Defendant's inability to reply to the Government's limited response to Defendant's additional documents was of no import to the ultimate adjudication of his motion.

Defendant's second assertion is difficult to understand, but as a *pro se* litigant he is entitled to a liberal interpretation. Defendant appears to argue that the "issue" of the "original complaint" was overturned or otherwise expunged internally by the Bureau of Prisons, and that this information was not given to the Government while Defendant remained a target of the Grand Jury seated in Beckley, West Virginia. (ECF No. 29.) First, the Court notes that Defendant was never indicted by the Grand Jury, but instead was charged with a misdemeanor in a single-count information. (*See* ECF No. 7.) Moreover, Defendant pled guilty to this single-count information. (*See* ECF Nos. 12, 18.) Finally, there is no record of any "expungement" of any of Defendant's disciplinary actions while incarcerated[3] before the Court, and thus no error in the Magistrate Judge's order can be identified.

Finally, Defendant asserts that the Magistrate Judge failed to consider the impact of the COVID-19 pandemic in denying his motion. However, contrary to Defendant's assertion,

---

[3] The Court notes here that Defendant has apparently raised this issue not in response to anything contained in the Magistrate Judge's denial of his motion, but instead appears to be attacking his conviction and guilty plea.

Magistrate Judge Aboulhosn did consider the pandemic in his order. First, Magistrate Judge Aboulhosn noted that USP Victorville, where Defendant is currently imprisoned, showed zero active cases, one inmate death, and that 2,780 inmates and 423 staff members had been fully vaccinated. (*See* ECF No. 28 at 6.) While Magistrate Judge Aboulhosn recognized Defendant's "advanced age" and other health issues, he also noted that the Government contended Defendant's medical records did not substantiate Defendant's allegations that he had been infected with the coronavirus. (*Id.* at 3.) Based on the foregoing, and the fact that Defendant himself had received two doses of the Moderna vaccine, Magistrate Judge Aboulhosn determined that Defendant had failed to establish any extraordinary and compelling reasons supporting compassionate release. (*Id.* at 6.) This Court finds no clear error with the Magistrate Judge's findings.

## IV. CONCLUSION

For the reasons more fully explained above, Defendant's Notice of Appeal of Magistrate Judge Decision to District Court in Misdemeanor Case, (ECF No. 29), is **DENIED**, and the Memorandum Opinion and Order Denying Emergency Motion for Release, (ECF No. 28), is **AFFIRMED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendants and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: November 23, 2021

_____
THOMAS E. JOHNSTON, CHIEF JUDGE